■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SIDNEY EARL HEDGEPETH, Appellant.— Appeal by defendant from a judgment of the County Court, Queens County, rendered December 7, 1960 after a jury trial, convicting him of assault in the second degree and of possessing a dangerous weapon as a misdemeanor, and sentencing him to serve an indefinite term. Judgment affirmed. No opinion. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STANLEY KARMEL, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered January 25, 1961 after a jury trial, convicting him of burglary in the third degree and petit larceny, and, after a finding by the jury that he was the person accused of being a prior multiple felony offender in an information filed by the District Attorney, sentencing him as a fourth felony offender to serve a term of 20 years to life on the burglary count, and suspending sentence on the petit larceny count. Judgment modified on the law by vacating the provision imposing sentence upon the defendant; and action remitted to the County Court, Nassau County, solely: (1) for the purpose of holding a new trial to determine whether defendant is the person accused of the prior felony convictions in the information filed; and (2) for the purpose of resentencing defendant in the light of the evidence adduced upon such new trial. The jury's finding of fact that defendant was the same person has not been considered. As so modified, judgment affirmed. Upon the trial of the issues raised by the information charging defendant with the prior felony convictions, a probation officer, on behalf of the prosecution, testified, over defendant's objections, as to admissions made by the defendant. Such probation officer testified that, after defendant's conviction upon the crimes charged in the indictment and while defendant was in jail awaiting trial upon the information, the defendant, in the absence of his counsel, admitted to him that he, the defendant, was the person named in the out-of-State convictions listed in the information. In our opinion, the admission of such testimony over defendant's timely objection constituted prejudicial error requiring reversal with respect to the jury's finding upon the information and with respect to the sentence based thereon (cf. *People* v. *Meyer,* 11 N Y 2d 162, and cases there cited). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.